FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/22/2022 4:33 PM
JAMIE SMITH
DISTRICT CLERK
D-210483

CAUSE NO. _____

| | | |
|---|---|---|
| **NYA MITCHELL** § | | IN THE DISTRICT COURT OF |
| *Plaintiff*, § | | |
| § | | |
| v. § | | JEFFERSON COUNTY, TEXAS |
| § | | |
| **W SAFE SPEED INC AND** § | | |
| **JING WU** § | | |
| *Defendants*. § | | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Nya Mitchell (hereinafter, "Plaintiff"), and files this Original Petition complaining of and against W Safe Speed Inc and Jing Wu (hereinafter, "Defendants"), and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

Plaintiff, Nya Mitchell, is a resident of Harris County, Texas.

Defendant W Safe Speed Inc, (hereinafter, "Defendant Safe Speed") is a California corporation doing business in the State of Texas with a principal office at <u>2922 S Halton Paseo, Ontario, California 91761</u>. Defendant committed a tort in this state and, therefore, is subject to this Court's jurisdiction. W Safe Speed Inc is a non-resident under Civil Practice and Remedies Code § 17.041. Accordingly, W Safe Speed Inc may be served with process pursuant to the Texas Long-

Arm Statute by sending copies of the citation and this pleading through the Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079. **Service on Defendant is hereby requested at this time.**

Defendant Jing Wu (hereinafter, "Defendant Wu") is a non-resident with his principal residence located at 2407 South Ridgewood Drive, Apartment 2, West Covina, California 91792 or wherever he may be found. Accordingly, Mr. Wu may be served with process by sending copies of the citation and this pleading through the Chair of the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483.**Service on Defendant is hereby requested at this time.**

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Jefferson County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTUAL BACKGROUND

The collision occurred on or about August 15, 2021, at the 4700 block of IH-10 in Jefferson County, Texas. At that juncture, IH-10 is a two-way road that runs west to east. The speed limit on IH-10 is sixty-five (65) miles per hour. At that time, Defendant Wu was operating a 2015 Freightliner on IH-10 owned by Defendant Safe Speed. Defendant Wu changed lanes when unsafe and collided with Plaintiff's vehicle. Plaintiff sustained bodily injuries as a result of this incident.

### V. NEGLIGENCE OF JING WU

As Defendant Wu operated his vehicle at the time of the incident, he had a duty to exercise ordinary care in the operation of the same, to drive the vehicle in a reasonable and prudent manner, and to abide by the provisions of Chapter 545 of the Texas Transportation Code. Defendant Wu negligently breached these duties in one or more of the following respects:

     A.    In changing lanes when unsafe;
     B.    In being inattentive;
     C.    In failing to keep a proper lookout;
     D.    In failing to timely apply his brakes;
     E.    In failing to take proper evasive action;
     F.    In failing to keep said vehicle under reasonable and proper control; and
     G.    In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle.

Defendant Wu's negligence was a proximate cause of the collision, as well as the bodily-injury damages Plaintiff suffered as a result of her involvement in the collision.

## VI. NEGLIGENCE OF W SAFE SPEED INC

At the time of the incident, Defendant Wu was operating a vehicle in the course and scope of his employment with Defendant Safe Speed. Defendant Safe Speed is legally responsible to Plaintiff for the negligent conduct of Defendant Wu under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant Wu was at all times material hereto an agent, ostensible agent, servant and/or employee of Defendant Safe Speed and was acting within the course and scope of such agency or employment. As a result, thereof, Defendant Safe Speed is vicariously liable for all negligence of Defendant Wu.

Defendant Safe Speed was also negligent in its hiring, training, supervision, monitoring and retention of Defendant Wu, and such negligence proximately caused the collision and Plaintiff's injuries and damages.

Plaintiff pleads the foregoing facts and theories cumulatively and alternatively, with no election or waiver of rights or remedies.

## VII. DAMAGES

Because of the actions and conduct of Defendants set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Copy from re:SearchTX

Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish, and physical impairment, and in reasonable probability, will continue to suffer physical pain, mental anguish, and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past and, in reasonable probability, will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question. Plaintiff also lost wages in the past as a result of the subject collision.

## VIII. R<small>ESERVE THE</small> R<small>IGHT TO</small> A<small>MEND</small> & S<small>UPPLEMENT</small>

These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## IX. R<small>EQUIRED</small> D<small>ISCLOSURE</small>

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## X. P<small>RE</small>-J<small>UDGMENT</small> I<small>NTEREST</small>

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable

Copy from re:SearchTX

provisions of the laws of the State of Texas.

## XI. Rule 193.7 Notice

Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## XII. DESIGNATED E-SERVICE EMAIL ADDRESS

The following are the undersigned attorney's designation of electronic service email addresses for all electronically served documents and notices, filed and unfiled, pursuant of Tex. R Civ. P, 21(a) and 21(f)(2). (csalvato@millerweisbrod.com & etorres@millerweisbrod.com). These are the ONLY electronic service email addresses, and service through any other email address will be considered invalid.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual damages as specified above from Defendants, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

*[Signature block on next page]*

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway, Suite 101
Houston, Texas 77034
Telephone: (713) 349-1500
Facsimile: (713) 432-7785

*/s/ Carlo F. Salvato III*
Carlo F. Salvato III
State Bar No.: 24117012
csalvato@millerweisbrod.com

**ATTORNEY FOR PLAINTIFF**